**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ACCORD PATENTS, LLC,<br>a Georgia Limited Liability<br>Company, | :<br>:<br>:<br>: |
| Plaintiff, | : CIVIL ACTION NO.<br>: 1:10-CV-0859-RWS |
| v. | :<br>: |
| ALDEN CORPORATION,<br>a Connecticut Corporation, | :<br>:<br>: |
| Defendant. | : |

**ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss [3] and Motion to Stay [4]. After reviewing the record, the Court enters the following Order.

**Motion to Dismiss**

Plaintiff brought the present action alleging violations of the False Marking Statute, 35 U.S.C. § 292, and Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370. Specifically, Plaintiff alleges that Defendant advertises, offers for sale, and sells its "Grabit" product in packaging that is marked with United States Patent No. D340-184 when said patent is not

valid or enforceable. (Compl. ¶¶ 1, 8, 9, and 10.) Plaintiff alleges that Defendant knew or should have known that its products were falsely marked. (Id. at ¶ 16.) Plaintiff further alleges that "Defendant falsely marked its products in an attempt to prevent competitors from making, using, and/or selling similar competing products" and "for the purpose of deceiving the public into believing that something contained in or embodied in Defendant's products was covered by the falsely marked patent." (Id. at ¶¶ 17 and 18.) Finally, Plaintiff alleges that Defendant's false markings have "wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the Plaintiff, the general public, and the United States in an amount which cannot be readily determined." (Id. at ¶ 22.)

Defendant filed a Motion to Dismiss [3] seeking dismissal for lack of standing, for failure to state a claim for which relief can be granted, and for failure to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences

2

in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

3

As for Defendant's contention that Plaintiff lacks standing to bring a false marking statute claim, the decision of the Federal Circuit Court of Appeals in <u>Stauffer v. Brooks Bros., Inc.</u>, 619 F.3d 1321 (Fed. Cir. 2010), which was issued after Defendant filed its motion, decides this issue in Plaintiff's favor. Because Section 292(b) is a *qui tam* provision "a *qui tam* plaintiff or relator, can establish standing based on the United States' implicit partial assignment of its damages claim to 'any person.' in other words, even though a relator may suffer no injury himself, a *qui tam* provision operates as a statutory assignment of the United States' rights, and the assignee of a claim has standing to assert the injury in fact suffered by the assignor." <u>Id.</u> at 1325. (internal citations and quotations omitted). Therefore, the Court concludes that Plaintiff has standing to bring the Section 292 action.

Defendant also asserts that the Section 292 claim is subject to dismissal for failure to state claim and for failure to satisfy the pleading requirements of Rule 9(b). "The two elements of a Section 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public. Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be mislead into thinking that the statement is true." <u>Forest Group, Inc. v.</u>

4

Bon Tool Co., 590 F.3d 1295, 1300 (Fed. Cir. 2009). "Intent to deceive, while subjective in nature, is established in law by objective criteria. Thus, 'objective standards' control and the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the inference that there was a fraudulent intent." Clontech Laboratories, Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005). Plaintiff's allegation that Defendant continues to marks it products with United States patent numbers after the date on which Defendant knew the patent had expired is sufficient to satisfy the "intent to deceive the public" element of its claim.[1]

As for Defendant's Motion to Dismiss Plaintiff's claim for violation of the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"). The GUDTPA authorizes injunctive relief to a person who is "likely to be damaged by a deceptive trade practice of another." O.C.G.A. § 10-1-373(a). The only allegation in the Complaint regarding damage to Plaintiff based upon

---

[1] Defendant asserted in the 12(b)(6) section of its Brief that marking a product as patented when the patent has simply expired is not the basis for a claim under Section 292. (Def.'s Brief [3-1] at 16-17.) However, subsequent to the filing of Defendant's Motion, the Federal Circuit held "that an article covered by a now-expired patent is 'unpatented.,'" and thus, "articles marked with expired patent numbers are falsely marked." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1361-62 (Fed. Cir. 2010)(internal citations and quotations omitted).

AO 72A
(Rev.8/82)

Defendant's deceptive trade practices is that Plaintiff "is likely to be damaged." (Compl. at ¶ 34.)  A pleading that simply offers a conclusion is not sufficient. Ashcroft, 129 S. Ct. at 1949.  Plaintiff has failed to allege any facts that would support a conclusion that it is likely to be directly damaged in any way by Defendant's practices.  Therefore, Defendant is entitled to dismissal of Plaintiff's GUDTPA claim.

In the event the Court found the GUDTPA claim to be deficient, Plaintiff moved the Court for permission to file an amended complaint.  Plaintiff's Motion for Leave to Amend [8] is hereby **GRANTED**.  Plaintiff may file an amended complaint seeking to set out a claim pursuant to the GUDTPA within fourteen (14) days of the entry of this Order.

Based on the foregoing, Defendant's Motion to Dismiss [3] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is granted as to the GUDTPA claim and denied as to the false marking statute claim.  Plaintiff's Motion for Leave to Amend [8] is **GRANTED**.  Plaintiff may file and amended complaint within fourteen (14) days of the entry of this Order to assert a claim pursuant to the GUDTPA.

AO 72A
(Rev.8/82)

**Motion to Stay**

The Court having ruled on the Motion to Dismiss, Defendant's Motion to Stay [4] is **DENIED**, **AS MOOT**.

**SO ORDERED**, this   20th   day of January, 2011.


_____
**RICHARD W. STORY**
United States District Judge